UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-190 (2) (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Daijon Lewis Miles, | |
| Defendant. | |

Justin A. Wesley, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

James M. Ventura, 1000 Twelve Oaks Center Drive, Suite 100, Wayzata, MN 55391 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 19);

2. Defendant's Motion for Disclosure of Grand Jury Testimony of Witnesses (ECF No. 32);

3. Defendant's Motion for Discovery and Inspection (ECF No. 33);

4. Defendant's Motion for Hearing on Admissibility of Statements of Alleged Co-Conspirators (ECF No. 34);

5. Defendant's Motion for Immediate Disclosure of Favorable Evidence (ECF No. 35);

6. Defendant's Motion for Rough Notes, Logs and Evidence (ECF No. 36);

7.  Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendant (ECF No. 39);

8.  Defendant's Motion for Attorney Conducted Voir Dire (ECF No. 44);

9.  Defendant's Pre-Trial Motion for Disclosure of 404 Evidence (ECF No. 45)

A hearing was held on February 2, 2021. (ECF No. 54.) Assistant United States Attorney Justin A. Wesley appeared on behalf of the United States of America (the "Government"). Attorney James M. Ventura appeared on behalf of Defendant Daijon Lewis Miles. Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1.  The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 19), is **GRANTED IN PART AND DENIED IN PART**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. Defendant echoed Co-Defendant Derrick Lee Spillman's objection to the Government's motion regarded timing of expert witness disclosures.

The Government proposed making initial expert disclosures 14 days before trial and rebuttal expert disclosures 10 days before trial. (ECF No. 19 at 2.) After Defendant's objection to that schedule, however, the parties came to an agreement during the hearing. Consistent with that agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures and, no later than 14 days prior to trial, the parties shall

make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). Thus, the Government's motion is denied with respect to its proposed expert witness disclosure schedule, and the parties shall make those disclosures in accordance with the agreement they made on the record. The motion is granted in all other respects.

2.   Defendant's Motion for Disclosure of Grand Jury Testimony of Witnesses (ECF No. 32) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks the "testimony of any witness who will testify at the suppression hearing or trial."[1] (ECF No. 32 at 1; *see also* ECF No. 33 ¶¶ 13-14 (requesting the identification of individuals testifying before the grand jury as well as the minutes and transcripts of any grand jury proceedings.).) The Government responds that it will disclose the grand jury testimony of "any witness it intends to call at . . . trial three days in advance of the scheduled testimony consistent with" its response to Defendant's request for early Jencks Act materials. (Gov't's Consol. Resp. at 13, ECF No. 48.) The Government otherwise objects to Defendant's request as he "has not shown any other particularized need for the minutes and transcript of the grand jury in this case." (*Id.*)

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there

---

[1] Neither party called witnesses at the motion hearing. (*See* ECF No. 54.)

is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release."). Defendant has not made any showing of particularized need. Therefore, Defendant's motion is denied except to the extent the Government is required to disclose such materials under the Jencks Act; Federal Rules of Criminal Procedure 12(h) and 26.2; and *Brady*, *Giglio*, and their progeny. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

3. Defendant's Motion for Discovery and Inspection (ECF No. 33) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks materials subject to disclosure under Rule 16 of the Federal Rules of Criminal Procedure, as well as information and statements regarding witnesses (including witnesses the Government does not intend to call at trial), intended witnesses, co-defendants, co-conspirators, and other persons interviewed.[2] As to statements, Defendant specifically requests "[c]opies of all statements made by witnesses in this case, whether or not [the Government] intends to call the witness, which are in the possession, custody, or control of [the Government] no later than fifteen working days before trial." (ECF No. 33 ¶ 11; *see also id.* ¶ 16 (requesting statements made by confidential informants

---

[2] The motion also requests the "name, address, qualifications, subject of testimony" and report of any expert witness the Government will call at trial. (ECF No. 33 ¶ 6.) The Court addressed expert witness disclosures in connection with the Government's motion for discovery. *See supra* ¶ 1.

4

to law enforcement "whether intended to be called at trial or not.").)  Defendant further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that his counsel be notified.[3]  (*Id.* at p. 5.) Defendant also requests that any ordered discovery be produced within "three working days."  (*Id.*)

The Government states that it has made its Rule 16 disclosures and "will continue to supplement its disclosures as any additional materials come into its possession." (Gov't's Consol. Resp. at 10.)  The Government further asserts that it does not believe there is "any evidence or materials, or category of evidence or materials, to which [Defendant] is entitled that has not already been produced."  (*Id.* at 10-11.)

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced.  Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.  *See, e.g.*, *supra* ¶ 2; *infra* ¶ 5.  Defendant's discovery requests are denied in all other respects.  *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery"); *see also, e.g.*, *supra* ¶ 2; *infra* ¶¶ 5-6, 9.  Except as otherwise set forth in this Order, the Government shall produce the discovery ordered herein as soon as practicable.

---

[3] Defendant acknowledges that the Government "has provided significant discovery in this case" and that he makes this motion "in regards to continued discovery."  (*Id.*)

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

In this motion, Defendant also requests the Court to order the Government to produce "copies of all 'Jencks Act' statements to counsel for Defendant no later than twenty days before trial."[4] (ECF No. 33 ¶ 22; *see also id.* ¶ 11 (requesting disclosure of statements by witnesses no later than 15 working days before trial).) During the hearing, Defendant specified he is requesting early disclosure of Jencks Act materials 14 days before trial. The Government responded that it will voluntarily provide Defendant with Jencks Act materials three days before trial. (*See also* Gov't's Consol. Resp. at 10.) The Government objects to any Court-ordered early disclosure. (*Id.*)

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151

---

[4] Defendant does not make a separate motion for early disclosure of Jencks Act materials. He does, however, move for disclosure of certain statements that could fall under the purview of the Jencks Act. (*See* ECF Nos. 34, 39.) The Court discusses those motions later in this Order. *See infra* ¶¶ 4, 7.

F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Thus, Defendant's motion is denied to the extent it requests early disclosure of Jencks Act materials. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than three business days before trial as proposed by the Government.

4. Defendant's Motion for Hearing on Admissibility of Statements of Alleged Co-Conspirators (ECF No. 34) is **DENIED** to the extent Defendant seeks early disclosure of statements under the Jencks Act and/or Federal Rule of Criminal Procedure 16 and **DENIED WITHOUT PREJUDICE** as premature to the extent Defendant seeks a hearing on the admissibility of statements of alleged co-conspirators.

Defendant seeks disclosure of the statements of alleged co-conspirators and a pretrial hearing "to determine the admissibility of the hearsay statements of the alleged co-conspirators." (ECF No. 34 at 1.) Defendant does not provide a legal basis for why the Government should disclose this information. (*Id.*) The Government interprets this motion as a request for early disclosure of Jencks Act materials. (Gov't's Consol. Resp. at 9-10.)

As discussed above, *see supra* ¶ 3, Defendant is not entitled to early disclosure of Jencks Act materials. Thus, Defendant's motion is denied to the extent it requests early disclosure of Jencks Act materials. The Court reiterates that while it is not ordering early disclosure of Jencks Act materials, it encourages the parties to disclose such materials no less than three business days before trial. *See id.*

These statements are also not discoverable under Rule 16. Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course

7

of the conspiracy. It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Defendant's motion and discovery requests insofar as they seek pretrial disclosure of statements or confessions of any co-defendant pursuant to Rule 16. *See also infra* ¶ 5 (discussing Defendant's requests for disclosure pursuant to *Brady*, *Giglio*, and their progeny).

As to Defendant's request for a pretrial hearing, the Court agrees with the Government's position that this motion is premature. (Gov't's Consol. Resp. at 10.) As another Court has aptly summarized on this issue:

> The trial court is the appropriate forum to establish appropriate measures, if any, to protect Defendants' constitutional rights such as by potentially redacting or limiting the scope of testimony about an individual defendant's statements to ensure that another defendant's rights are not violated or by evaluating the foundation and admissibility of any hearsay statements. It is also within the province of the trial court to determine whether a pretrial evidentiary hearing is appropriate.

*United States v. Lewis*, No. 04-cr-403 (JNE/SRN), 2006 WL 8439442, at *4 (D. Minn. Mar. 24, 2006). The Court agrees with this reasoning and finds that these determinations should be made by the district court judge. Thus, Defendant's request for a pretrial hearing to determine the admissibility of the hearsay statements of alleged co-conspirators is denied without prejudice, to be renewed before the district court judge.

5.  Defendant's Motion for Immediate Disclosure of Favorable Evidence (ECF No. 35) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks immediate disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. In his motion for discovery, *see supra* ¶ 3, Defendant also requests exculpatory information relating to witnesses' biases. (ECF No. 33 ¶ 15.) The Government responds that it will continue to comply with its discovery obligations under *Brady*, *Giglio*, and their progeny, and will "promptly" turn over any additional evidence favorable to Defendant, including exculpatory and impeachment evidence, that comes to its attention "sufficiently before trial to enable [Defendant] to make effective use of it." (Gov't's Consol. Resp. at 11.)

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also Whitehill*, 532 F.3d at 753 ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension

9

to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable

after such discovery. While the Court is not ordering the Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *Green*, 151 F.3d at 1115, the Court encourages the parties to disclose such materials no later than three business days before trial. *See also, e.g.*, *supra* ¶ 3. To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See Johnson*, 228 F.3d at 924. Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

6.  Defendant's Motion for Rough Notes, Logs and Evidence (ECF No. 36) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

Defendant requests an order directing the Government to obtain and preserve all rough notes prepared by law enforcement authorities, including "their civilian agents." (ECF No. 36 at 1.) During the hearing, Defendant also requested to adopt Co-Defendant Spillman's argument for reserving the issue of the disclosure of these rough notes. The Government responded that it does not object to the retention of these rough notes and has directed their retention. (*See also* Gov't's Consol. Resp. at 13 (stating that District practice is not to object to pretrial motions seeking the retention of rough notes and that the Government "does not object to this motion to the extent that any such rough notes still exist.").) The Government did object during the hearing to any disclosure of these rough notes.

11

Defendant's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter. Defendant's request for the production of rough notes is denied without prejudice.

7. Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendant (ECF No. 39) is **DENIED** to the extent Defendant seeks disclosure under Federal Rule of Criminal Procedure 16 and **DENIED WITHOUT PREJUDICE** as premature to the extent Defendant seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Defendant seeks an order compelling the Government to disclose its "intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any Defendant or unindicted co-conspirator," as well as granting leave to file additional motions for severance, suppression of evidence, and/or in limine based on those disclosures. (ECF No. 39 at 1.) Defendant also requests identification and statements of any co-conspirator or co-participant in his motion for discovery. (ECF No. 33 ¶ 8.) The Government interpreted this motion as a request for early disclosure of Jencks Act materials. (*See* Gov't's Consol. Resp. at 9-10.) The Government further stated that it will continue to comply with its discovery obligations and will voluntarily disclose all Jencks Act materials no later than three business days prior to trial. (*Id.*) Defendant did not provide any additional argument on this motion during the hearing.

As an initial matter, this Court has already denied Defendant's requests for early disclosures of Jencks Act materials. *See supra* ¶¶ 3-4. As Defendant requests this relief pursuant to Rule 16 and *Bruton*, however, the Court makes its decision pursuant to the authorities on which Defendant relies.

As discussed above, *see supra* ¶ 4, Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *Hoelscher*, 914 F.2d at 1535 (quoting *Vitale*, 728 F.2d at 1093-94). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *Manthei*, 979 F.2d at 126. Therefore, the Court denies Defendant's motion and discovery requests insofar as they seek pretrial disclosure of statements or confessions of any co-defendant pursuant to Rule 16.

*Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by

13

the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

At this juncture, however, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206 (5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn. June 15, 2018). Defendant's request for leave to file motions related to any *Bruton* issues, however, is premature and denied without prejudice.

8. Defendant's Motion for Attorney Conducted Voir Dire (ECF No. 44) is **DENIED WITHOUT PREJUDICE**.

Defendant requests that his counsel be permitted to "supplement the Court's voir dire examination by further inquiring generally as to the defense of entrapment and any

biases, prejudices, or predispositions which a juror may have towards such defense or what impact, if any, such views would have on the juror's ability to be fair and impartial." (ECF No. 44 at 1.) "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 (D. Minn. Nov. 10, 2015) ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial."), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016). Accordingly, Defendant's motion is denied without prejudice. *United States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

9. Defendant's Pre-Trial Motion for Disclosure of 404 Evidence (ECF No. 45) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests the Government disclose all 404(b) "other crimes" evidence pursuant to Federal Rule of Criminal Procedure 12(d) and the Fifth and Sixth Amendments of the United States Constitution. (ECF No. 45 at p. 1.) In his motion for discovery, *see supra* ¶ 3, Defendant also requests the Government "[d]escribe in detail any prior similar acts of Defendant the government intends to introduce at trial and disclose all information requested . . . as it may relate to said prior similar acts." (ECF No. 33 ¶ 20.) Defendant requests disclosure of 404(b) evidence "well in advance of trial." (ECF No. 45 ¶ 1.)

15

The Government acknowledges its obligations under Rule 404(b) and proposes making its notifications 14 days before trial. (Gov't's Consol. Resp. at 12.) The Government also requests that this order be "strictly drawn to require no more than what is encompassed by Rule 404(b)." (*Id.*) At the hearing, Defendant agreed to the Government's proposal to disclose Rule 404(b) evidence 14 days prior to trial.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 14 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b).  Defendant's motion is otherwise denied.  If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.  *See* Fed. R. Evid. 404(b)(3)(C).

10. All prior consistent orders remain in full force and effect.

11. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: March  22 , 2021

        *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Miles*
Case No. 20-cr-190 (2) (ADM/TNL)